# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE M. EDWARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-100-RWS |
| EILESHA M. MACKAFFEE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Lawrence M. Edwards, an inmate at the Fulton Correctional Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $14.50. Additionally, the Court has reviewed the complaint, and has determined that it should be dismissed without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing average monthly deposits of $72.54, and an average monthly balance of $47.56. The Court will therefore assess an initial partial filing fee of $14.50, which is twenty percent of plaintiff's average monthly deposits.

## Legal Standard

Complaints filed *in forma pauperis* are subject to preliminary review as set forth in 28 U.S.C. § 1915. Additionally, the Federal Rules of Civil Procedure require this Court to dismiss a complaint if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However this Court is not required to assume facts that are not alleged, *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004), or interpret procedural rules as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint on or about January 25, 2021 against Eilesha M. Mackaffee and a defendant identified as "Unknown Army Guy." Plaintiff prepared the complaint using this

Court's form Civil Complaint. He avers he and Mackaffee are Missouri citizens,[1] and he avers "Unknown Army Guy" is a citizen of either California or Colorado.

In the Civil Cover Sheet plaintiff filed with the complaint, he asserts this Court has jurisdiction over this action on the basis of diversity of citizenship, and he avers he intends to bring tort claims of fraud. In the complaint, plaintiff further identifies his claims as fraud, identity theft, bank fraud, wire fraud, payday loan fraud, and unemployment theft. He does not identify any particular claim that he believes arises under federal law.

Condensed and summarized, plaintiff's allegations are as follows. Defendant Mackaffee, plaintiff's wife, had an extramarital affair with defendant "Unknown Army Guy." Mackaffee and/or "Unknown Army Guy" tried to kill plaintiff or have him killed, and Mackaffee lied to him, stalked him, pulled a gun on him, engaged in deceitful behavior, took out loans and opened bank accounts and spent money, stole or tried to steal money and/or items of value, tried to steal plaintiff's identity and adversely affected his credit rating, submitted posts concerning plaintiff on FaceBook, and changed the credentials of his email accounts. Plaintiff describes other similar events and wrongdoing, and he describes fleeing from Mackaffee and filing police reports, and feeling distressed due to her actions.

In the section of the form complaint provided for plaintiff to identify the amount in controversy, plaintiff avers he seeks $500,000 in damages from "Unknown Army Guy" "for his fraternization with a civilian's wife." He further states he seeks $1.5 million. In the section of the form complaint provided for plaintiff to describe the relief he seeks, plaintiff asks the Court to order the defendants charged with conspiracy to commit murder, identity theft, bank fraud, wire

---

[1] Plaintiff provides his address and defendant Mackaffee's address in the caption of the complaint.

3

fraud, check fraud, and vandalism. Plaintiff further seeks an order directing Mackaffee to forfeit her assets, and directing that "Unknown Army Guy" be dishonorably discharged from the military and charged with conspiracy to commit murder, identity theft, and "assessory [*sic*] to the crimes."

## Discussion

Federal courts are courts of limited, not general, jurisdiction.  *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991).  The existence of jurisdiction is a threshold requirement that must be assured in every federal case.  *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases").  The issue of the existence of jurisdiction may be raised at any time, by any party or the court.  *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). As noted above, if this Court determines at any time that it lacks jurisdiction, it must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

4

In the case at bar, plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332(a) provides that district courts have jurisdiction over civil actions in which the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

In the caption of the complaint at bar, plaintiff avers that he and defendant Mackaffee are Missouri citizens. Plaintiff signed the complaint under penalty of perjury that it was true and correct. In doing so, he certified that his representations to the Court, including those regarding the citizenship of himself and the defendants, had evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). It is therefore clear that the parties are not completely diverse, and this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff does not allege, nor is it apparent, that his claims arise under the Constitution, laws, or treaties of the United States, as required to establish jurisdiction under 28 U.S.C. § 1331. To the extent plaintiff can be understood to assert his claims arise under federal criminal statutes, the Court notes such statutes provide no private cause of action. Moreover, to the extent that plaintiff is seeking the initiation of federal criminal charges against either defendant, the Court notes that initiation of a federal criminal prosecution is a discretionary decision within the executive branch, and is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

Recognizing its duty to liberally construe complaints filed by laypeople, the Court has considered whether plaintiff has asserted a plausible claim under 42 U.S.C. § 1983. The Court concludes that plaintiff has not done so, as he fails to allege facts permitting the conclusion that either defendant was a state actor acting under color of state law, and that any of his federally-protected rights were infringed. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (setting forth the necessary elements of a § 1983 claim).

After carefully reviewing and liberally construing the complaint, the Court concludes that plaintiff has failed to establish that this Court has jurisdiction over this matter based upon either diversity of citizenship or a federal question. Plaintiff is clear about the claims he wishes to bring against the defendants, and there are no additional facts plaintiff could offer that would establish a basis for jurisdiction on the basis of diversity of citizenship, as his signed complaint already establishes the absence of a necessary prerequisite. It is obvious that the deficiencies of the complaint could not be cured by permitting plaintiff to file an amended pleading. The Court will therefore dismiss this action pursuant to Rule 12(h)(3) without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $14.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of May, 2021.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE